**GLOBAL CAPITAL LAW**
GARY HARRE, ESQ. (BAR NO. 86398)
DIANE BEALL, ATTY. (BAR NO. 86877)
BARRY FAGAN, ESQ. (BAR NO. 160104)
8700 Warner Avenue, Suite 200
Fountain Valley, CA 92708
Telephone: (714) 907-4182
Facsimile: (714) 907-4175
Email: ghcmecf@gmail.com

Attorney for Debtor, FERMIN P. CANLAS.

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>    FERMIN P. CANLAS<br><br>        Debtor. | Case No. **2:10-bk-55468**<br><br>Chapter 7<br><br>Hon. Thomas B. Donovan<br><br>**EMERGENCY MOTION OF DEBTOR TO ENFORCE AUTOMATIC STAY AGAINST U.S. BANK NATIONAL ASSOCIATION, NATIONSTAR MORTGAGE, AND BLAISE BRYANT, AS AGENT OF NATIONSTAR MORTGAGE; REQUEST FOR ORDER TO SHOW CAUSE RE SANCTION.**<br><br>[Emergency Hearing Requested Pursuant to Local Bankruptcy Rule 9075-19(a)]<br><br>Date: _____<br><br>Time: _____<br><br>Place:<br>Edward R. Roybal Federal Building & Courthouse<br>255 E. Temple Street, Suite 1352<br>Courtroom 1345<br>Los Angeles, CA 90012 |

TO HONORABLE THOMAS B. DONOVAN, UNITED STATES BANKURPTCY JUDGE, AND ALL INTERESTED PARTIES:

Debtor FERMIN P. CANLAS, debtor and debtor in possession in the above captioned bankruptcy case ("CANLAS"), respectfully moves this Court on an

emergency basis ("Emergency Motion") pursuant to Local Bankruptcy Rule 9075-1(a) for entry of an order enforcing automatic stay against **U.S. Bank National Association**, as Trustee of Maiden Lane Asset-Backed Securities I Trust 2008-1, Without Recourse Successor Lender by Mesne Transfer From Mortgage Electronic Registration Systems, Inc., as Nominee for Greenpoint Mortgage Funding, Inc., A New York Corporation ("**US BANK**"), its assignees and/or successors; **Nationstar Mortgage** and **Blaise Bryant,** as an agent of Nationstar Mortgage, from taking action against Debtor's property known as 212 Gladys Avenue, Monterey Park, CA 91755 ("primary residence").  Debtor further respectfully requests the Court to set an Order to Show Cause as to why sanctions, under 11 U.S.C. 362(k), should not be imposed upon US Bank National, Nationstar Mortgage and Blaise Bryant, as an agent for Nationstar Mortgage, for costs, attorney fees, and in appropriate circumstances, punitive damages.

## I.    INTRODUCTION

This motion, related to US Bank and its agents, is brought forth due to the blatant and total disregard of the automatic stay imposed upon them.  Despite having full knowledge of the bankruptcy proceeding, US Bank and its agent, continued with its foreclosure of debtor's primary residence and continues to attempt to evict debtor from his home.

Although an adversary proceeding against US Bank is pending[1], they are still using deceptive practices to continue to evict Debtor from his home.  By way of this motion, Debtor seeks to remedy US Bank and its agent's consistent practice of total disregard for federal law and abuse of the bankruptcy code.

Plaintiff is informed and believes and therefore alleges that on or about May 15, 2009, "MERS", as nominee for EMC Mortgage Corporation, who is not

---

[1] Fermin v. US Bank et.al., Case No. 2:11-ap-01126-TD

the party to this subject transaction, recorded a Substitution of Trustee, document number 09-0723180 purportedly substituted Aztec Foreclosure Corp. as Trustee under the subject Deed of Trust.

On or about <u>July 7, 2010</u>, Aztec Foreclosure Corporation, with power of sale, fraudulently obtained by virtue of substitution of trustee made by MERS, recorded a "Notice of Trustee Sale" with Los Angeles County Recorder, known as Instrument number 09-507950. A copy of this Notice, along with its Certificate of Notice, is attached herewith as Exhibit "1".

On <u>October 21, 2010</u>, Debtor filed the above-captioned bankruptcy case. The filing of this bankruptcy case automatically stays certain collection and other actions against the debtor and the debtor's property. As a creditor, US Bank would be automatically notified of this bankruptcy proceeding via its servicer, Nationstar Mortgage.

On <u>October 24, 2010</u>, the United States Bankruptcy Court sent out a "Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors and Deadlines" to US Bank by first class mail. A true and correct copy of this notice, along with its Certificate of Notice showing US Bank listed on the service list, is attached herewith as Exhibit "2".

On or about <u>October 25, 2010</u>, US Bank filed a false Assignment of Deed of Trust, or "Wild Deed Instrument," with the Office of the Recorder of Los Angeles County, California, clouding Debtor's title and ownership interest for the property known as 212 Gladys Avenue, Monterey, California, 91755. This recordation occurred **after** the above captioned bankruptcy filing took place, even though the bankruptcy filing stopped all legal action. A true and correct copy of this notice, along with its Certificate of Notice, is attached herewith as Exhibit "3".

On <u>October 29, 2010</u>, Wright, Finlay & Zak, LLP sent Debtor a "Notice To Quit" on behalf of US Bank, in direct violation of the Automatic Stay. According

to the Proof of Service that was attached to this "Notice To Quit," this notice was not actually posted on the property until November 2, 2010, long after US Bank had been notified of the Bankruptcy and its accompanying Automatic Stay. A true and correct copy of the "Notice to Quit", along with its attached Proof of Service, is attached herewith as Exhibit "4".

On <u>November 8, 2010</u>, a Notice of Unlawful Detainer (Eviction) along with the Summons, was served via United States mail upon Debtor, Fermin P. Canlas and all occupants of 212 Gladys Avenue, Monterey Park, California, again in violation of the automatic stay. A true and correct copy of this notice is attached herewith as Exhibit "5".

On <u>November 8, 2010</u>, US Bank filed a "Verified Complaint for Unlawful Detainer and Damages" with the Superior Court of California, in the County of Los Angeles. A true and correct copy of the Complaint is attached herewith as Exhibit "6".

On <u>January 18, 2011</u>, Blaise Bryant, as an agent of Nationstar Mortgage, attempted to evict the occupants of the property located at 212 Gladys Avenue, Monterey Park, California, via posting. There was no Entry of Default as of this date. A true and correct copy of the posting is attached herewith as Exhibit "7".

On <u>January 20, 2011</u>, Madeleine K. Lee, Esq. of Wright, Finlay & Zak, LLP, filed a "Request for Entry of Default" on behalf of US Bank. A true and correct copy of this request is attached herewith as Exhibit "8". On information and belief, no default has been entered as of this date.

Despite having full knowledge of the pending Bankruptcy proceeding and its automatic stay, on <u>February 2, 2011</u>, US Bank, through its counsel, instructed the Los Angeles County Sheriff's Department to place a "Notice to Vacate" ordering the occupants to vacate no later than <u>February 7, 2011</u>. This notice was physically placed on Debtor's property located at 212 Gladys Avenue,

Monterey Park, California. A true and correct copy of this notice is attached herewith as Exhibit "9".

On <u>February 4, 2011</u>, the Debtor, through its undersigned counsel, filed a "Notice of Stay of Proceedings" with the Superior Court of California in the County of Los Angeles and served a copy via FAX to US Bank via its counsel, Wright, Finlay & Zak, as well as to the Los Angles County Sheriff's Department. As of this date, the Los Angeles County Sheriff's Department has not removed the lock box from the Debtor's home, again in direct violation of the Automatic Stay and of the Debtor's rights under the U.S. Bankruptcy Code. A copy of this notice along with its Proof of Service is attached herewith as Exhibit "10".

Debtor repeatedly notified US Bank and its counsel of the bankruptcy and its automatic stay. Despite such repeated demands, US Bank continued in their efforts to remove debtor from the property.

## II. ARGUMENT

### a. Procedure and Standard Governing Stays

Actions taken in violation of automatic stay are void and of no force or effect, even when the party taking such action has no actual notice of existence of stay. <u>Bankr.Code</u>, 11 U.S.C. §362(a). Creditor and its agents act at their own peril when they usurp bankruptcy court's role in determining scope of automatic stay, without binding authority that is clearly applicable to facts at hand. <u>Bankr.Code</u>, 11 U.S.C. §362. Furthermore, Creditor need not have specific intent to violate stay in order for its stay violation to be "willful," so as to require entry of damages awarded against it; it is enough that creditor knew of the stay and that it intended to take the actions found to violate the stay. Even an innocent stay violation, one committed without knowledge of the automatic stay, becomes "willful," if creditor fails to remedy the violation after receiving the

notice of stay. Bankr.Code, 11 U.S.C. §362(h).

There are two types of proceedings that can be brought: a "Motion for Order to Show Cause", which requests the Court to issue an Order requiring the offending creditor to appear before the Court and explain its conduct (reminiscent of Ricky Ricardo telling Lucy that she "has some esplainin' to do"); or a formal Adversary Proceeding (Summons and Complaint).

Under Section 362, a Stay is automatic and self-executing immediately upon the filing of a bankruptcy petition. Only the Bankruptcy Court has the authority to finally determine whether the Stay applies. In re Gruntz, 202 F.3d 1074 (9th Cir. 2000) (en banc). Furthermore, any and all property owned by Debtor remains the property of the Bankruptcy Estate for purpose of the Automatic Stay. In re Ramirez, 183 B.R. 585 (9th Cir. B.A.P. 1995).

Specifically, the Automatic Stay prohibits any law enforcement agency from taking any actions in relation to the property, including but not limited to, the eviction of the debtors. It is settled that the "willfulness test" for an Automatic Stay violation merely requires that: 1) the creditor know of the Automatic Stay; and 2) the actions that violate the stay be intentional. In re Peralta, 317 B.R. 381 (9th Cir. BAP 2004). Moreover, any in rem orders purporting to affect the stay in future cases are void. In Re Johnson, 346 B.R. 190, 194 (9th Cir. BAP 2006).

In the case at hand, the United States Bankruptcy Court notified US Bank directly of the above captioned bankruptcy and by extension of the Automatic Stay on or about October 24, 2010. Despite such knowledge, US Bank and their agents willfully and repeatedly posted notices to vacate and attempted to remove Debtor and his family from the property, in direct violation of the Automatic Stay.

Since US Bank had knowledge of the bankruptcy proceeding, it would have been proper for it to come before this Court requesting the lifting of the Automatic Stay, if it had basis to do so. Instead of doing so, US Bank and its agent chose to proceed outside of the bankruptcy forum, using tactics that blatantly abuse the process and in total disregard of an order by this Court. Such sanctionable conducts must be stopped immediately and these parties must be brought into Court to explain their conducts.

### b.  **The Willful Conducts of US Bank and Its Agents are Subject to Sanction.**

Pursuant to Federal Rules of Civil Procedure 11 (c) (2), debtor hereby moves the Court to determine if F.R.C.P. 11(b), made applicable by Bankruptcy Rule 9011, has been violated on the grounds that US Bank, along with its agents, by and through their counsel, have violated the Automatic Stay by continuing their actions to foreclose upon Debtor's residence and their continued deceptive legal actions in State Court to evict Debtor from his home without disclosing the pending bankruptcy proceeding. Additionally, pursuant to F.R.C.P. 11 (c) (2), the debtor hereby moves this Court for an award of the reasonable expenses incurred as a result of this immediate motion.

Rule 11 of the F.R.C.P., which is made applicable by Bankruptcy Rule 9011, seeks to strike a careful balance. Its object is to "reduce frivolous claims, defenses, or motions, and ....deter costly meritless maneuvers" and other abuses of the litigation process. Kaplan v. DaimlerChrysler, A.G., 331 F.3d 1251, 1255 (11 th Cir. 2003) (quoting Massengale v. Ray, 267 F.3d 1298, 1302 (11 th Cir. 2001)).

In the case at hand, US Bank and its agent's blatant disregard of the Automatic Stay to foreclose upon Debtor's home and deceptively try to evict

Debtor is unconscionable and must be stopped. Despite repeated notice from Debtor's counsel, US Bank and its agent did not cease such fraudulent and deceptive practice. Therefore, this Motion is necessary as Debtor is incurring cost and expenditure in addition to emotional distress as the result therein.

**CONCLUSION**

Accordingly, Debtor respectfully requests this Court order US Bank, Nationstar Mortgage, and Blaise Bryant, as an agent of Nationstar Mortgage, to cease all activity against Debtor's property in direct violation of a valid Automatic Stay and to set a hearing date for sanctions against US Bank, Nationstar Mortgage and Blaise Bryant, as an agent of Nationstar Mortgage.

Dated: 2/10/2011

Respectfully Submitted;

_____
Gary Harre, Esq.
Attorney for Debtor, FERMIN P. CANLAS

| In Re | (Short Title) | CASE NO.: |
|---|---|---|
| | Fermin P. Canlas | 2:10-bk-55468-TD |
| | Debtor(s) | |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

8700 Warner Ave., Ste 200
Fountain Valley, CA 92708

A true and correct copy of the foregoing document described as **EMERGENCY MOTION OF DEBTOR TO ENFORCE AUTOMATIC STAY AGAINST U.S. BANK NATIONAL ASSOCIATION, NATIONSTAR MORTGAGE, AND BLAISE BRYANT, AS AGENT OF NATIONSTAR MORTGAGE; REQUEST FOR ORDER TO SHOW CAUSE RE SANCTION.** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **02/10/2011,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

Howard M Ehrenberg (TR)    ehrenbergtrustee@sulmeyerlaw.com; ca25@ecfcbis.com; hmehrenberg@ecf.epiqsystems.com
United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On **02/11/2011**, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Hon. Judge Thomas B. Donovan
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1352 / Courtroom 1345
Los Angeles, CA 90012

☑ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **2/11/2011**, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

Madeleine K Lee, Esq
via FAX: 949-477-9200

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 02/10/2011 | Judi Cicco | | /s/ Judi Cicco |
|---|---|---|---|
| Date | Type Name | | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010    F 9013-3.1.PROOF.SERVICE

| In Re          (Short Title) | CASE NO.: |
|---|---|
| Fermin P. Canlas  <br>Debtor(s) | 2:10-bk-55468-TD |

# Service List

Aztec Foreclosure Corporation
c/o CT Corporation System
818 West 7th Street
Los Angeles, CA 90017

Madeleine K Lee, Esq
Attorney for US Bank National Association
Wright, Finley & Zak LLP
4665 MacArthur Court Ste 280
Newport Beach, CA 92660

U.S. Bank National Association
c/o Kristin A Strong
Registered Agent
350 Robert St N Ste 495
Saint Paul, MN 55101

Blaise Bryant
Nationstar Mortgage
350 Highland Drive
Lewiswille, TX 75067

Nationstar Mortgage
350 Highland Drive
Lewiswille, TX 75067

GreenPoint Mortgage
c/o Corporation Service Company
Registered Agent
1201 Hays St
Tallahassee, FL 32301

EMC Mortgage
1010 Mockingbird Lane Suite 100
Dallas, TX 75247

EMC Mortgage Corporation
Corporate Headquarters
2780 Lake Vista Drive
Lewiswille, TX 75067-3884

Mortgage Electronic Registration Systems, Inc (MERS)
PO Box 2026
Flint, MI 48501-2026

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010                                                                                                           F 9013-3.1.PROOF.SERVICE