GLOBAL CAPITAL LAW, PC
Gary Harre, SBN 86938
Diane Beall, SBN 86877
8700 Warner Avenue, Suite 200
Fountain Valley, CA 92708
Telephone: (714) 907-4182
Facsimile: (714) 907-4175

Attorneys for Debtor

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>FERMIN P. CANLAS,<br><br>            Debtor | Case No. 10-55468-TD<br><br>Chapter 7<br><br>**NOTICE OF MOTION AND MOTION TO ALTER OR AMEND AND RECONSIDER DEBTOR'S OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY OR FOR ORDER CONFIRMING THAT THE AUTOMATIC STAY DOES NOT APPLY UNDER 11 U.S.C. §362(l)**<br><br>Date: May 19, 2011<br>Time: 10:00 a.m.<br>Place: Courtroom 1345, 13th Floor<br>       255 E. Temple Street<br>       Los Angeles, CA 90012 |

**TO THE HONORABLE THOMAS B. DONOVAN; HOWARD M. EHRENBERG, CHAPTER 7 TRUSTEE; U.S. BANK NATIONAL ASSOCIATION; AND TO ALL OTHER INTERESTED PARTIES:**

**PLEASE TAKE NOTICE** that on March 19, 2011, at 10:00 a.m., in Courtroom 1345, of the United States Bankruptcy Court, located at 255 E. Temple Street, Los Angeles, CA 90012, FERMIN P. CANLAS (the "Debtor") will and hereby moves this Court under Federal Rules of Civil Procedure Rule 59(e), made applicable under Federal Rules of Bankruptcy Procedure 9023,

to alter, amend and reconsider Debtor's Opposition to Motion for Relief from the Automatic Stay or For Order Confirming That the Automatic Stay Does not Apply Under 11 U.S.C. §362(l) granted on or about April 8, 2011 in this case.

This Motion is supported by the attached Memorandum of Points and Authorities; the Declaration of Fermin P. Canlas, and on all the pleadings, schedules and records filed in this case, and upon such other evidence, oral or documentary, as may be presented to the Court at the hearing on this matter.

**PLEASE TAKE FURTHER NOTICE** that pursuant to Local Bankruptcy Rule 9013-1(f) an interested party opposing, joining, or responding to the motion must file and serve on the moving party and the United States Trustee not later than **14 days before the date set for the hearing** and pursuant to Local Bankruptcy Rule 9013-1(h) the failure to timely file an opposition to the motion may be deemed by the Court to be consent to the granting of the Motion.

Dated:  April 18, 2011                    **GLOBAL CAPITAL LAW, PC**


\_\_/s/  Gary Harre _____
Gary Harre, Esq.
Diane Beall, Esq.
Attorneys for Debtor Fermin P. Canlas

# I.

# INTRODUCTION

On or about April 8, 2011, the Court granted U.S. Bank National Association ("U.S. Bank") Motion for Relief from the Automatic Stay or For Order Confirming that the Automatic Stay Does Not Apply Under 11 U.S.C. §362(l) despite the fact that U.S. Bank **did not** have standing to bring the Motion for Relief from the Automatic Stay in that the Trustee's Deed Upon Sale recorded on Debtor's real property located at 212 Gladys Avenue, Monterey Park, CA is **defective** and **invalid.**

This ruling is clear error in that it is in contradiction to California law, the Bankruptcy Code and Ninth Circuit law. Under 11 U.S.C. §362(d), the party seeking stay relief **must** have standing and be a party in interest, is unequivocal.

Movant, U.S. Bank has completed a defective and an invalid Trustee's Sale on or about October 18, 2010 on Debtor's real property located at 212 Gladys Avenue, Monterey Park, CA, and therefore their Motion for Relief from the Automatic Stay or For Order Confirming that the Automatic Stay does not Apply Under 11 U.S.C. §362(l), is without merit and **should be denied**.

# II.

# FACTS RELEVANT TO THIS MOTION

On or about July 30, 2007 Debtor refinanced the subject property with GreenPoint Mortgage Funding, Inc. ("GreenPoint") which included a purported a promissory note and a purported deed of trust in favor of GreenPoint, which was recorded on or about August 9, 2007 as Instrument #07-1868558, in the amount of $607,500.00.

Said deed of trust named Marin Conveyancing Corp. as the Trustee to the purported deed of trust recorded August 9, 2007, attached hereto as Exhibit 1.

On or about February 6, 2009, Aztec Foreclosure Corp. ("Aztec") as the purported Trustee, recorded a Notice of Default, as Instrument #09-0166599, on behalf of EMC Mortgage Corp. ("EMC") the purported Beneficiary of the same purported deed of trust recorded August 9, 2007, against Debtor's real property located at 212 Gladys Avenue, Monterey Park, CA, attached hereto as Exhibit 2.

On or about May 15, 2009, Aztec as the purported Trustee, recorded a Notice of Trustee's Sale, as Instrument #09-0723180, on behalf of EMC the purported Beneficiary of the same deed of trust dated July 30, 2007, against Debtor's real property located at 212 Gladys Avenue, Monterey Park, CA, in which Trustee's Sale was scheduled for June 3, 2009, attached hereto as Exhibit 3.  Said Trustee's Sale was postponed.

On or about June 17, 2010, Aztec as the purported Trustee, recorded another Notice of Trustee's Sale, as Instrument #10-0831931, on behalf of EMC the purported Beneficiary of the same deed of trust dated July 30, 2007, against Debtor's real property located at 212 Gladys Avenue, Monterey Park, CA, in which Trustee's Sale was scheduled for July 7, 2010, attached hereto as Exhibit 4.  Said Trustee's Sale was also postponed.

On or about October 18, 2010, Aztec, as Trustee for EMC as the purported Trustee under the same Deed of Trust on the real property, held a Trustee's Sale on Debtor's real property. Aztec as the purported Trustee, executed and delivered said Trustee's Deed Upon Sale recorded on October 25, 2010 to U.S. Bank National Association, and also known as Movant U.S. Bank National Association, attached hereto as Exhibit 5.

On or about October 29, 2010 Debtor was served with a Notice to Quit and on November 8, 2010 a Complaint for Unlawful Detainer was filed by the Movant and served on the Debtor.

On or about October 21, 2010 the Debtor filed the now pending Chapter 7 case.

### III.

### THE TRUSTEE'S SALE OF OCTOBER 18, 2010 AND THE TRUSTEE'S DEED UPON SALE RECORDED ON OCTOBER 25, 2010 ON DEBTOR'S REAL PROPERTY ARE INVALID BECAUSE THE ASSIGNMENT TO MERS AND AZTEC ARE DEFECTIVE

A deed of trust names a Trustor, Beneficiary and a Trustee to the transaction.  When the original Deed of Trust names a Beneficiary and a Trustee, a Beneficiary may need to substitute another Beneficiary and a Trustee in order to serve as the foreclosing Trustee and to conduct the Trustee's Sale.  This authority is derived from statutory law and the language of the deed of trust.

California Civil Code Section 2934a, et seq. provides the procedure for substitution of a beneficiary and provides the procedure for substitution of trustees.  Civil Code Section 2934a(d)

states that a Trustee named in a recorded substitution of a Trustee *shall be deemed to be authorized* to act as the Trustee under the Deed of Trust for all purposes from the date the substitution is executed by the mortgage, beneficiary or by their authorized agents.

Only the Trustee of record has the legal authority to convey to the successful bidder after a non-judicial foreclosure. *Civil Code Section 2934a(a)(4), (d)*; *Dimock v. Emerald Props., LLC* (2000) 81 CA4th 868. A party who is not the trustee of record **will not** have the authority to conduct the foreclosure or deliver a valid Trustee's Deed. *Pro Value Props., Inc. v. Quality Loan Serv. Corp.* (2009) 170 CA4th 579. Any such purported foreclosure sale and trustee's deed are *void*. *Id.* 81 CA4th at 876.

When an improper Trustee conducts a foreclosure sale and conveys title to the highest bidder, numerous parties, including the Trustor, may suffer losses, including costs and attorney fees incurred in attacking or defending the foreclosure sale. *Heritage Oaks Partners v. First Am. Title Ins. Co.* (2007) 155 CA4th 339. A court in these circumstances may invalidate the foreclosure sale as a result. *Pro Value Props., Inc. v. Quality Loan Serv. Corp.* (2009) 170 CA4th 579; *Dimock v. Emerald Props. LLC* (2000) 81 CA4th 868.

In this case, the Notice of Default and the subsequent foreclosure sale of October 25, 2010 are defective and invalid because Aztec was never substituted as the Trustee by the original Trustee Marin Conveyancing Corp. for the Notice of Default to be recorded on February 6, 2009.

This substitution of trustee to Aztec not only was **never** recorded substituting Aztec from Marin Conveyancing Corp. **before** the Notice of Default was recorded, but there were **no** assignments that were ever recorded substituting the original beneficiary GreenPoint to either EMC or MERS in order for the substitution of trustee to Aztec to be valid. Marin Conveyancing Corp., the original Trustee under the Deed of Trust was never substituted out as the Trustee by anyone.

Aztec **was not or could not** be substituted in as the Substitute Trustee as EMC nor MERS **was not** the beneficial owner with the power to substitute.

As a result, the Trustee's Sale of October 18, 2010 and the subsequent Trustee's Deed Upon Sale on Debtor's real property recorded on October 25, 2010 are **defective and invalid,**

and the Court should reconsider and deny Movant's Motion for Relief of the Automatic Stay in this matter.

### IV.

### **THE MOTION FOR RELIEF FROM THE AUTOMATIC STAY SHOULD BE DENIED BECAUSE MOVANT DOES NOT HAVE STANDING TO SEEK RELIEF**

It is well settled in California, the Bankruptcy Code and in the Ninth Circuit, that a party **does not** have standing to seek relief from the automatic stay when the foreclosure sale was defective due to the failure to record an assignment of its interest before a foreclosure sale as required by California Civil Code Sections 2932.5, 2934a, et seq.

While a party may meet the minimal test for standing to seek relief from the automatic stay, California statutory, decisional authority, the Bankruptcy Code and Ninth Circuit law has concluded that a defective assignment does not provide protection against the foreclosing lender for the foreclosure deficiencies.  In the Ninth Circuit, challenges to secured claims are typically resolved in plenary proceedings. *Johnson v. Righetti (In re Johnson)*, 756 F.2d 738 (9th Cir. 1985) ("The validity of the claim or contract underlying the claim is not litigated during the hearing.") *overruled on other grounds by Travelers Cas. & Sur. Co. v. Pac. Gas & Elec. Co*, 549 U.S. 443 (2007); *Biggs v. Stovin (In re Luz Int'l)*, 219 B.R. 837, 841-42 (BAP 9th Cir. 1998). Even so the moving party **must** establish a prima facie case of its claim or rights against a debtor or its estate **to seek relief from the automatic stay**. *In re Bialac*, 694 F.2d 625 (9th Cir. 1982); *In re Aniel*, 427, B.R. 811 (Bankr. N.D. Cal. 2010).

A prima facie case of standing **requires** the moving party to demonstrate an undisputed interest in the bankruptcy case that is hindered by the automatic stay.  Standing is **lacking** where a secured creditor **cannot present** the rudimentary elements of its claim. *In re Gavin*, 319 B.R. 27 (BAP 1st Cir. 2004) (holding that the moving party could not trace the chain of title through valid endorsements); *In re Wilhelm*, 407 B.R. 392, 398 (Bankr.D. Idaho 2009) ("each Movant must show that it has an interest in the relevant note, and that it has been injured by debtor's conduct").

///

**NOTICE OF MOTION AND MOTION TO ALTER OR AMEND AND RECONSIDER DEBTOR'S OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY OR FOR ORDER CONFIRMING THAT THE AUTOMATIC STAY DOES NOT APPLY UNDER 11 U.S.C. §362(l)**

- 6 -

In this case, Movant **does not have standing** to seek relief from the automatic stay because of the defective and invalid foreclosure sale on Debtor's property, and therefore the Motion for Relief from the Automatic Stay should be denied.

## V.

## THIS COURT HAS THE POWER TO ALTER OR AMEND AND RECONSIDER DEBTOR'S OPPOSITION TO THE MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER FRCP 59(e) INCORPORATED INTO FRBP 9023

A bankruptcy court may grant relief under Federal Rule of Civil Procedure ("FRCP") 59(e), incorporated into bankruptcy proceedings by Federal Rule of Bankruptcy Procedure ("FRBP") 9023, which provides for a motion to alter or amend a judgment that was adopted in order to clarify that the court has the power to rectify its own mistakes in the period immediately following the entry of the judgment. *White v. New Hampshire Dept. of Employment Sec.*, 455 U.S. 445 (1982); *Corretjer Farinacci v. Pacayo*, 149 F.R.D. 435 (1st Cir. 1993); *Norman v. Arkansas Dept. of Educ.*, 79 F.3d 748 (8th Cir. 1996); *Phelps v. Hamilton*, 122 F.3d 1309 (10th Cir. 1997).

The Supreme Court has identified a test to determine whether a motion is or is not a Rule 59(e) motion. A Rule 59(e) motion involves the reconsideration of matters properly encompassed in a decision on the merits. *Osterneck v. Ernest & Whinney*, 489 U.S. 169 (1989); *White v. New Hampshire Dept. of Employment Sec.*, 455 U.S. 445 (1982) (Rule 59(e) motion only to support reconsideration of matters properly encompassed in decision on merits); *New Castle County v. Hartford Accident & Indem. Co.*, 933 F.2d 1162 (3rd Cir. 1991) (motion questioning correctness of judgment is Rule 59(e) motion); *Phelps v. Hamilton*, 122 F.3d 1309 (10th Cir. 1997) (motion will be treated as Rule 59(e) motion if it is filed within time specified by FRCP 59(e) and it questions correctness of judgment or involves reconsideration of matters properly encompassed in decision on merits).

A Rule 59(e) motion encompasses a wide variety of motions. However, a motion to amend or alter a judgment must seek a substantive alteration of the judgment, rather than a clerical correction. *United States v. Deutsch*, 981 F.2d 299 (7th Cir. 1992) (substantive motion is

**NOTICE OF MOTION AND MOTION TO ALTER OR AMEND AND RECONSIDER DEBTOR'S OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY OR FOR ORDER CONFIRMING THAT THE AUTOMATIC STAY DOES NOT APPLY UNDER 11 U.S.C. §362(l)**

- 7 -

one that if granted results in substantial alteration in judgment, not just in correction of clerical error or in purely procedural order); *Boston Car Co. v. Acura Auto*, 971 F.2d 811 (1st Cir. 1992); *Herzog Contracting Corp. v. McGowen Corp.*, 976 F.2d 1062 (7th Cir. 1992); *Hannon v. Maschner*, 981 F.2d 1142 (10th Cir. 1992) (motion for reconsideration requesting substantive change may be treated as motion to alter or amend judgment that tolls appeal period); *Hertz v. Alamo Rent-A-Car, Inc.*, 16 F.3d 1126 (11th Cir. 1994) (Rule 59(e) motion seeks reconsideration of substantive issues, not exclusively collateral questions); *Firetower Rd.*, 920 F.2d 788 (11th Cir. 1991) (Rule 59(e) governs motions to alter or amend substantive aspect of judgment)

Rule 59(e) authorizes the filing of a written motion to alter or amend a judgment after its entry. *Dave Kohel Agency, Inc. v. Redshaw, Inc.*, 149 F.R.D. 171 (E.D. Wis. 1993)

A motion to alter or amend a judgment must demonstrate why the Court should reconsider its previous decision and set forth facts or law of a strongly convincing nature to induce the Court to reverse its earlier decision. *Wendy's Int'l v. Nu-Cape Construction, Inc.*. 169 F.R.D. 680 (M.D. Fla. 1996), *quoting, Cover v. Wal-Mart Stores, Inc.*, 148 F.R.D. 294 (M.D. Fla. 1993); *Intera Corp. v. Henderson*, 428 F.3d 605 (6th Cir. 2005) (Rule 59(e) motion identifies grounds for motion with sufficient particularity if it includes concise reference to rule or other authority for requested alteration or amendment of judgment; *Talano v. Northwestern Med. Faculty Found., Inc.*, 273 F.3d 757 (7th Cir. 2001); *Dale & Selby Superette & Deli v. United States Dept. of Agric.*, 838 F. Supp. 1346 (D. Minn. 1993) (motion to amend must demonstrate why court should reconsider judgment and set forth facts or law of strongly convincing nature).

A Court may grant a Rule 59(e) motion in any of the following circumstances:

- To take account of an intervening change in controlling law
- To take account of newly discovered evidence
- **To correct clear legal error**
- **To prevent manifest injustice**

*Kern-Tulare Water Dist. v.* Bakersfield, 634 F. Supp. 656 (E.D. CA 1986), *aff'd in part, rev'd in part on other* grounds, 828 F.2d 514 (9th Cir. 1987); *FDIC v. World Univ. Inc.*, 978 F.2d 10 (1st Cir. 1992); *Atlantic States Legal Foundation, Inc. v. Karg Bros., Inc.*, 841 F.Supp. 51 (N.D.N.Y.

**NOTICE OF MOTION AND MOTION TO ALTER OR AMEND AND RECONSIDER DEBTOR'S OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY OR FOR ORDER CONFIRMING THAT THE AUTOMATIC STAY DOES NOT APPLY UNDER 11 U.S.C. §362(l)**

- 8 -